Matter of Attorneys in Violation of Judiciary Law § 468-a (Sanin) (2021 NY Slip Op 05915)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Sanin)

2021 NY Slip Op 05915

Decided on October 28, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 28, 2021

PM-143-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Kyra Maura Sanin, Also Known as Kyra Maura Sanin Lilien, Respondent. (Attorney Registration No. 4535233.)

Calendar Date:August 30, 2021
Before:Egan Jr., J.P., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Kyra M. Sanin Lilien, Oakland, California, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2007 and is also admitted in California, where she resides and practices law. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2015 onward (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1751 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). After curing her registration delinquency in May 2021, respondent has now moved, by application marked returnable on August 30, 2021, for her reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it opposes the motion and respondent has since submitted supplemental correspondence addressing AGC's concerns.[FN1]
Initially, we note that respondent has satisfied the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [2020]) by, among other things, submitting a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). As for the threshold documentation required to be submitted in support of her application, respondent has requested a waiver of the Multistate Professional Responsibility Examination (hereinafter MPRE) requirement applicable to all attorneys seeking reinstatement from suspensions of more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349 [2019]). As we have noted previously, a reinstatement applicant must demonstrate "good cause" in order to be granted an MPRE waiver, which standard may be satisfied by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
Upon review of the extensive documentation submitted by respondent in support of her application, we are persuaded that a waiver of the MPRE requirement is appropriate in this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Respondent has submitted proof demonstrating, among other things, her continuing legal employment as a government and public interest attorney and educator, her otherwise blemish-free disciplinary history and her completion of numerous credit [*2]hours of continuing legal education devoted to legal ethics. Under these circumstances, we agree that it is not necessary for respondent to undergo further MPRE testing, and we therefore grant her request for a waiver.
As for the remainder of respondent's application, we find that her submission establishes by clear and convincing evidence that she has satisfied the three-part test applicable to all attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). Specifically, respondent has sufficiently demonstrated her compliance with the order of suspension, as she attests to having never represented any clients in this state, which effectively negates any obligation to contact any client, return client property or return any fees. Further, we find that respondent has demonstrated the requisite character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468—a [Pratt], 186 AD3d 965 [2020]). We additionally conclude that respondent's reinstatement would be in the public interest. Further, giving due consideration to the limited nature of respondent's misconduct, as well as her otherwise spotless disciplinary history, we find that no detriment would inure to the public from her reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d at 1223). We accordingly grant respondent's motion and reinstate her to the practice of law in New York, effective immediately.
Egan Jr., J.P., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.